THE HONORABLE RICHARD A. JONES

1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

12

STEVEN WALTNER, et al.,

13                          Plaintiffs,

14          v.

FEDERAL DEPOSIT INSURANCE
15   CORPORATION, et al.,

16                          Defendants.

Case No. 10-662RAJ

ORDER

## I.     INTRODUCTION

17
18          This matter comes before the court on a motion for summary judgment (Dkt. #
19   33) filed by Defendant Federal Deposit Insurance Corporation (in its capacity as
20   receiver for Washington Mutual Bank).  No party requested oral argument, and the
21   court finds the motion suitable for disposition on the basis of the parties' briefing and
22   supporting evidence.   For the reasons explained below, the court GRANTS the
23   Defendant's motion (Dkt. # 33).

## II.     BACKGROUND

24
25          The Plaintiffs Steven and Sarah Waltner purchased two pieces of property (in
26   the Arizona cities of Goodyear and Avondale) with mortgages obtained from

ORDER - 1

Washington Mutual Bank, F.A. ("WaMu") in August 2005.  The Waltners fell behind in their mortgage payments in August 2008, and WaMu failed in September 2008. WaMu's assets — including its mortgages — were sold to J.P. Morgan Chase ("Chase"), and Chase notified the Waltners in writing that Chase now owned their mortgages.  Defendant Federal Deposit Insurance Corporation ("FDIC") became the receiver for WaMu, and published multiple notices of the receivership in newspapers during October 2008.  *See* Leeper Decl. (Dkt. # 34), Exs. 1-3 (copies of the notices published in the Seattle Times, the Las Vegas Review, and the Wall Street Journal). The notices advised that claims against the receivership must be filed by December 30, 2008.  *Id.*

Chase foreclosed on both of the Waltners' properties, and sold the Goodyear property at a trustee's sale.  *See* Leeper Decl. (Dkt. # 19), Exs. H & J.  The Waltners sued WaMu and Chase in two Arizona lawsuits (one was removed to federal court, one remained in state court) to stop the non-judicial foreclosure of their Avondale property and to challenge the trustee's sale of their Goodyear property.  The lawsuit removed to federal court was dismissed without prejudice; the state court action is still pending.  FDIC was not a Defendant named in either action.

The Waltners filed a notice of claim against the receivership on February 10, 2010, and the FDIC issued a Notice of Disallowance of Claim on February 17, 2010. The Plaintiffs subsequently filed this lawsuit (proceeding *pro se*) against the FDIC, asserting claims arising out of their mortgage transactions with WaMu.  *See* 1st Am. Compl. (Dkt. # 6) ¶ 1.  The FDIC now moves for summary judgment.[1]

---

[1] On the same day that the FDIC filed this motion, the Waltners filed a motion to transfer of venue.  *See* Pltfs.' Mot. (Dkt. # 32).  Courts typically determine challenges to subject matter jurisdiction before determining whether venue is proper.  *See, e.g.*, *Leroy v. Great Western United Corp.*, 443 U.S. 173, 180 (1979).  The court finds no reason to deviate from the general rule here, and neither party has shown otherwise.

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### III.    ANALYSIS

**A.    Legal Standards.**

Summary judgment is appropriate if the moving party establishes that there is no genuine dispute of material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  On a motion for summary judgment, the court must draw all inferences from the admissible evidence in the light most favorable to the non-moving party.  *Addisu v. Fred Meyer, Inc.*, 198 F.3d 1130, 1134 (9th Cir. 2000).  Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party must initially show the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The opposing party must then show a genuine issue of fact for trial.  *Matsushita Elect. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

**B.    The FDIC is Entitled to Judgment Because the Plaintiffs' Notice of Claim was Submitted After the Claim Bar Date.**

When the FDIC becomes the receiver for a failed financial institution, the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 sets forth an administrative procedure by which the "assets of a failed institution are distributed fairly and promptly among those with valid claims against the institution."  *Freeman v. FDIC*, 56 F.3d 1394, 1401 (D.C. Cir. 1995).  With a few exceptions not applicable here, courts require those with claims against a failed bank to complete the administrative claims process before seeking judicial review.  *See Henderson v. Bank of New England*, 986 F.2d 319, 321 (9th Cir. 1993).  If that claims process has not been exhausted, then courts lack jurisdiction over the claim.  *See* 12 U.S.C. § 1821(d)(13)(D).

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

In this case, the FDIC contends that the court lacks jurisdiction over the Waltners' claims because the Waltners failed to submit a timely claim against the receivership. The Waltners' Opposition lists a variety of arguments to rebut the FDIC's motion, but the Waltners do not dispute that their claim is governed by FIRREA and they admit that their claim was filed after the claim-bar date.

First, the Waltners argue that they should be excepted from the claim bar because an FDIC claims agent told them to file their claim late, and their claim itself contained a request for an exception to the claim bar. *See* Pltfs.' Opp'n (Dkt. # 41) at 11. Neither of these provides a basis for applying an exception to the jurisdictional bar, because those circumstances do not fit under any exception to 12 U.S.C. § 1821(d)(13)(D). The statute does not provide for telephonic waiver by a claims agent, and simply requesting an exception in a claim does not mean that an exception has been granted.

Second, the Waltners contend that their circumstances do fit under one of the exceptions to the claim bar, found in 12 U.S.C. § 1821(d)(5)(C)(ii), which applies if "the claimant did not receive notice of the appointment of the receiver in time to file such claim before such date; and (ii) such claim is filed in time to permit payment of such claim." But the Waltners *did* receive timely notice that the FDIC had been appointed as receiver for WaMu. *See* Leeper Decl. (Dkt. # 19), Ex. G (October 10, 2008 letter to Waltners from Chase, notifying them that FDIC had been appointed as receiver for WaMu and that Chase had acquired the right to service the Waltners' loan). Thus, this exception does not apply to the Waltners.

Third, the Waltners complain that they did not receive notice in the mail that WaMu was in receivership, yet the Waltners also admit that FIRREA only requires that a failed financial institution give written notice by mail to creditors. *See* Pltfs.'

Opp'n at 9.  The Ninth Circuit has specifically held that a failed financial institution's failure to give notice of a receivership does not render the administrative claims process inapplicable.  *See McCarthy v. FDIC*, 348 F.3d 1075, 1081 (9th Cir. 2003) (*citing Intercont'l Travel Mktg. v. FDIC*, 45 F.3d 1278, 1284-86 (9th Cir. 1994); and *Tri-State Hotels, Inc. v. FDIC*, 79 F.3d 707, 714 (8th Cir. 1996)).  Furthermore, other courts have already rejected the Waltners' argument that it is unfair that only creditors must be notified by mail, yet all claimants are subject to the administrative claims procedure.  *See McCarthy*, 348 F.3d at 1081; *Tri-State Hotels,* 79 F.3d at 714.

Fourth, the Waltners argue that they could not have timely filed their claim because the claim did not arise until after the bar date of December 30, 2008.  But this argument contradicts Ms. Waltner's own description of her conversation with the FDIC claims agent: "I specifically told [the agent] that our claim was for causes of action against [WaMu] that took place in or about August 2005."  Waltner Decl. (Dkt. # 42) ¶ 4.  Furthermore, if the claims arose after December 30, 2008, as the Waltners now argue in their briefing, then the claims should have been pursued against Chase, rather than WaMu/FDIC.  Either way, this argument does not except the Waltners' claim from the jurisdictional bar.

Fifth, the Waltners argue that the FDIC should be precluded from arguing that the jurisdictional bar applies in this litigation because the Notice of Disallowance of Claim did not list the time bar as a reason that the claim was disallowed.  *See* 12 U.S.C. § 1821(d)(5)(A)(iv) (requiring the FDIC to provide "a statement of each reason for the disallowance").  But the FDIC is not precluded from arguing additional defenses in a lawsuit that were not noted in a notice of disallowance, because requiring the FDIC to list every basis for disallowing a claim  "could force the agency to divert scarce resources to this process, thereby undermining the streamlined administrative

ORDER - 5

process which Congress intended to create." *In re NBW Commercial Paper Litig.*, 826 F. Supp. 1448, 1472-73 (D. D.C. 1992) (citing 12 U.S.C. § 1821(d)(5)(A)(iv)).   If Congress had intended that the FDIC should be required to list every basis for disallowance, it has had many years since the *In re NBW Commercial Paper Litigation* decision to rewrite the statute, and yet it has not done so.   Thus, the court rejects the Waltners' construction of 12 U.S.C. § 1821(d)(5)(A)(iv).

Sixth, the Waltners argue that the FDIC's motion is untimely because it did not raise the claim-bar jurisdictional issue in its earlier motion to dismiss.   *See* Pltfs.' Opp'n at 22.   That the FDIC did not raise this defense in its earlier motion to dismiss does not preclude it from arguing it now, because lack of subject matter jurisdiction can be raised any time.   *See* Fed. R. Civ. P. 12(h)(3).   While this argument certainly could have been brought up earlier, the court cannot find that the FDIC's motion is untimely.

The Waltners also raise a host of evidentiary-related issues in a motion to strike, arguing that the court should not consider evidence submitted with this motion because it was not produced earlier and does not support the FDIC's arguments.   The Waltners have failed to raise viable legal arguments establishing that the FDIC's evidence should be stricken, and have failed to establish or even argue that any prejudice results, and the court will thus deny the Waltners' undeveloped motion to strike.

ORDER - 6

1

2                        IV.    CONCLUSION

3          For the reasons explained above, the Defendant's motion (Dkt. # 33) is

    GRANTED.

4          DATED this 2nd day of May, 2011.

5

6

7

8                                        _____

9                                        The    Honorable    Richard   A.   Jones
                                         United States District Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 7